S. & P.
3sp348
97 563

JUDGE OF LIMESTONE CO. COURT, use, &c. *versus* COALTER et al.

1. An action will not lie, on the bond of an executor or administrator for failing to pay over a legacy, declared by the county court, where there has been no final settlement; it not appearing that a refunding bond has been given.
2. Before suit can be maintained against the sureties of an executor or administrator, on the bond, it must appear that assets have been fixed in the hands of the latter; and that the money alleged to be due, cannot be recovered of them.
3. Under the statutes of this State, an order of the County court, ascertaining a specific sum, in favor of a distributee; is equivalent to a judgment of *devastavit*—and establishes the fact, of assets in the hands of an executor or administrator.
4. *Semble*—That the return of *nulla bona*, to an execution against an executor or administrator, will be sufficient to authorise a suit against the sureties on the bond.

This was an action of debt in the Circuit court of Limestone, and was instituted by the plaintiff in error, for the use of the guardian of Martha Chapman, against the defendants, on the bond of Coalter, as executor.

A distributive share, in the estate of Chapman, had been declared in favor of Martha Chapman; and the non-payment of this amount, was the breach.

assigned.    It did not appear, from the record, that
there had been any final settlement of the estate of
Chapman; or, that a refunding bond had been given,
on the part of the distributee.    Nor was it shewn,
that the executor had been proceeded against.

On general demurrer; the court below gave judg-
ment for the defendants.

*J. L. Martin*, for the plaintiffs—*Thornton, contra.*

Lipscomb, C. J.—This was an action, brought on
the bond of James Coalter, executor of James Chap-
man, for the use of John Smith, guardian of Martha
Chapman, one of the infant heirs of James Chapman,
on the bond of Coalter, as executor, for the faithful
administration of the estate.    The breach assigned,
is, that the judge of the county court, ordered the
sum of seventy-nine dollars and forty-three and three
fourths cents, to be paid, by the executor, to each of
the heirs, as their share of the undivided estate of
their father; and that this sum has not been paid to
the guardian of Martha.

There is no averment, that there had been a final
settlement of the estate; or, that a refunding bond
had been filed.    And, it does not appear, that there
had been any efforts, to recover the money from the
executor, before the commencement of this suit.

The judgment in the court below, on general de-
murrer, was in favor of the defendants.

It is believed that this judgment can be sustained,
on two distinct grounds.

If there has not been a final settlement of the es-
tate, no action can be sustained, on the executor's

bond, for the benefit of a distributee, unless such distributee has tendered a sufficient refunding bond.

Again : before suit can be brought, on the bond, assets must be fixed in the hands of the executor; and the inability to make the money out of him, must be established.

It was formerly holden, that, to fix assets in the hands of an executor or administrator, there must be a judgment of *devastavit*. It is, however believed, that, under our statute, the order of the judge of the county court, to pay a specific sum to a distributee, is tantamount to a judgment of *devastavit;* and sufficiently establishes the fact of assets being in his hands.

But, it is not shown, in this case, that the money could not have been made, from the executor.— Execution could have been issued on the order of the judge, for the specific sum.

If execution had been sued out, and returned *nulla bona*, it would have shown the default of the executor; and the securities might then have been resorted to, on the bond.

The court below, as we conceive, very properly sustained the demurrer; and the judgment must be affirmed.